**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

NEW YORK LIFE INSURANCE COMPANY,
a New York corporation,

    Plaintiff,

vs.                                                                            Case No. 3:14-cv-323-J-34JBT

BETTY J. BONNER, KAREN PADGETT,
and LOU ANGELINA RILEY

    Defendants,
_____

## ORDER

**THIS CAUSE** is before the Court sua sponte on the issue of whether the Court has subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999)("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking").

Plaintiff New York Life Insurance Company alleges in its Complaint in Interpleader (Doc. No. 1; Complaint), that the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1335. Complaint ¶6. Section 1335 provides the district courts with jurisdiction over a statutory interpleader claim if the following requirements are met: (1) the money or property in the plaintiff's possession is valued at $500 or more; (2) two or more adverse claimants of diverse citizenship have claims or potential claims for the money or property in controversy; and (3) the plaintiff deposits the money or property in controversy into the registry of the Court, or give a bond payable to the Clerk in the amount of such money or property. 28 U.S.C. § 1335; see also John Alden Life Ins. Co. v. VanLandingham, No.

5:04CV538OC10GRJ, 2006 WL 1529047, at *3 (M.D. Fla. May 30, 2006)[1]; Great Amer. Life Ins. Co. v. VanLandingham, No. 5:05-CV-155-OC-10GRJ, 2005 WL 2149281, at *1 (M.D. Fla. Sept. 6, 2005). Here, according to the allegations of Plaintiff's Complaint, the amount in controversy is $25,000.00, the combined value of the two insurance policies in dispute, Complaint ¶15, and "minimal diversity" exists because one of the Defendants, or "adverse claimants," is alleged to be a citizen of Tennessee, while the other two are alleged to be citizens of Florida. Id. ¶¶3-5, 6.[2] However, a review of the Court's Docket reveals that the third requirement, that of depositing the disputed policy proceeds in the Court registry, or a bond with the Clerk of the Court, has not been met.[3]

In order for the Court to have jurisdiction over this interpleader action, brought pursuant to 28 U.S.C. § 1335, the policy proceeds must be deposited to the registry of the Court. Thus, in order to cure this jurisdictional defect, Plaintiff will be directed to deposit the proceeds from Life Insurance Certificate Number A 0538655 and Life Insurance Certificate

---

[1] "Although an unpublished opinion is not binding . . ., it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

[2] The Court notes that Plaintiff alleges that Defendant Betty Bonner is a resident of McClenney, Florida, Defendant Karen Padgett is a resident of Washington County, Tennessee, and that Defendant Lou Riley is a resident of O'Brien, Florida. See Complaint ¶¶3-5. To establish diversity over a natural person, a complaint must include allegations of the person's citizenship, not where he or she resides. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). Thus, these allegations alone are insufficient. The Complaint further alleges, however, that "the defendants are citizens of Florida and Tennessee." Complaint ¶6. Accordingly, the Complaint sufficiently alleges minimal diversity.

[3] Plaintiff states in its Complaint that it "will deposit into the Court the Death Benefits, plus claim interest, if any, for disbursement in accordance with the judgment of this Court." Complaint ¶24; see also id. ¶22 ("The Company is ready, willing, and able to pay the Death Benefits, plus applicable claim interest, if any, in accordance with the terms of the Policies to whomever this Court shall designate.").

Number A 0909807, see Complaint ¶9, plus accrued interest, into the registry of the Court on or before May 2, 2014, and to file a Notice with the Court that it has done so.

It is hereby

**ORDERED**:

Plaintiff New York Life Insurance Company is directed to **DEPOSIT** the proceeds, and accrued interest, from Life Insurance Certificate Number A 0538655 and Life Insurance Certificate Number A 0909807, see Complaint ¶9, into the registry of the Court, on or before **May 2, 2014**, and to file a Notice with the Court that it has done so.  If Plaintiff fails to deposit the disputed insurance proceeds (or submit to the Court a bond payable to the Clerk in the amount of such money), then the case will be dismissed without prejudice for lack of subject matter jurisdiction.

**DONE AND ORDERED** in Chambers, this 8th day of April, 2014.

*[signature]*
**MARCIA MORALES HOWARD**
United States District Judge

lc16
Copies to:
Counsel of Record